J-S44043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAYREE REID, | : | |
| | : | |
| Appellant | : | No. 1501 EDA 2017 |

Appeal from the Judgment of Sentence April 24, 2017
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0000144-2016

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED AUGUST 21, 2018**

Kayree Reid ("Reid") appeals from the judgment of sentence imposed following his convictions of third-degree murder, carrying a firearm without a license, person not to possess a firearm, possession of an instrument of crime, and reckless endangerment of another person.[1]  We affirm.

The trial court aptly summarized the facts as follows:

> On November 10, 2015, at approximately 8:25 a.m., [Reid] walked into the J&R Perez Grocery Store at 742 North 38th Street to purchase cigarettes.  Inside, Mary Johnson operated the store's register as twin five-year-olds J.W. and Jo.W[.,] and their twelve[-]year old brother R.J.[,] browsed the aisles.  Near the front entrance sat the decedent, Maurice McDonald [("McDonald")], looking at his cell phone.  Upon seeing [McDonald], [Reid] drew a 10 mm Glock pistol and shot him four times, killing him.
>
> As [Reid] fired upon [McDonald], [McDonald] attempted to lunge away from the projectiles, and dove towards the children.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 6106(a)(1), 6105, 907(a), 2705.

As [McDonald] moved, [Reid] continued firing in the direction of both [McDonald] and the children. One projectile struck the backpack J.W. wore, while another struck a shelf, inches from her head.

Trial Court Opinion, 6/28/17, at 2. McDonald was found unresponsive by Philadelphia Police Officer Tanya Wright, and was pronounced dead upon arrival to the hospital.

On January 27, 2017, a jury convicted Reid of third-degree murder, reckless endangerment of another person, carrying a firearm without a license, and possessing an instrument of crime. He subsequently entered a guilty plea to person not to possess a firearm. On April 24, 2017, the trial court sentenced Reid to an aggregate term of seventeen to thirty-four years in prison. Reid filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925 (b) Concise Statement of matters complained of on appeal.

On appeal, Reid raises the following questions for our review:

1. Is [Reid] entitled to an arrest of judgment on all charges[,] including murder in the third degree and weapons offenses[,] where the Commonwealth did not present sufficient evidence to sustain the verdict and where the Commonwealth did not prove beyond a reasonable doubt that [Reid] had failed to act in self-defense?

2. Is [Reid] entitled to a new trial where[,] as here[,] the evidence was not supported by the greater weight of the evidence[,] but the verdict was based on speculation, conjecture and surmise?

3. Is [Reid] entitled to a new trial as the result of court error when the [trial] court failed to give a manslaughter instruction regarding the manslaughter prong involving passion and provocation …[,] where the instruction would be supported by the evidence in the case?

- 2 -

Brief for Appellant at 3 (some capitalization omitted).

In his first claim, Reid asserts the evidence was insufficient to support the murder conviction. *Id.* at 8. Reid argues that the Commonwealth did not prove beyond a reasonable doubt that he had failed to act in self-defense when he shot McDonald, who had previously made several attempts on Reid's life. *Id.* at 8-9. Reid contends that McDonald made it very clear that he intended to kill Reid at the first opportunity. *Id.* at 9. Reid argues that he saw McDonald reaching toward his waistband and began firing to protect himself. *Id.* at 10.

Our standard of review is as follows:

The standard we apply in reviewing the sufficiency of the evidence is whether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

The Pennsylvania Crimes Code defines third-degree murder as any killing with malice that is not first-or second-degree murder. *See* 18 Pa.C.S.A. § 2502(c); *see also Commonwealth v. Baskerville*, 681 A.2d 195, 199-200 (Pa. Super. 1996).

> Malice consists of a "wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intended to be injured…." Malice may be found where the defendant consciously disregarded an unjustified and extremely high risk that his actions might cause serious bodily injury.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001) (citation and brackets omitted). "[M]alice can be inferred from the use of a deadly weapon upon a vital part of the victim's body." *Commonwealth v. Thomas*, 54 A.3d 332, 335-36 (Pa. 2012).

Further, a defendant has no burden to prove self-defense. *Commonwealth v. Smith*, 97 A.2d 782, 786 (Pa. Super. 2014). However, "before the defense is properly in issue, there must be some evidence, from whatever source, to justify such a finding." *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012).

> [W]here an accused raises the defense of self-defense under 18 Pa.C.S.A. § 505, the burden is on the Commonwealth to prove beyond a reasonable doubt that the [criminal act] was *not* a justifiable act of self-defense. The Commonwealth sustains its burden of disproving self[-]defense if it establishes *at least one* of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

- 4 -

*Commonwealth v. Morgan*, 625 A.2d 80, 82 (Pa. Super. 1993) (citations omitted, emphasis in original). "If the Commonwealth establishes any one of these three elements beyond a reasonable doubt, then the conviction is insulated from a defense challenge to the sufficiency of the evidence where self-protection is at issue." *Commonwealth v. Burns*, 765 A.2d 1144, 1149 (Pa. Super. 2000).

Here, Reid testified that he knew McDonald was out to get him, and that McDonald had previously shot at him and sent him threatening text messages. N.T., 1/25/17, at 127-28, 163. Reid purchased an illegal gun and kept it on his person, with no safety on, locked, loaded, and ready to fire. *Id.* at 151, 154. On November 10, 2015, Reid entered the store, noticed McDonald, and thought McDonald was reaching for a weapon. *Id.* at 107-08. Reid said that he got scared, pulled out his gun, and started shooting. *Id.* at 108. Reid stated that he did not see a gun in McDonald's hand when he began shooting. *Id.* at 160. Reid further testified that he fired four shots, immediately left the store, and was in "panic mode." *Id.* at 108. Reid acknowledges that he was right by the door when he began shooting, and that his friend was waiting for him, with the car running, right outside of the door. *Id.* at 162. When asked why he did not get in the car and leave when he saw McDonald, Reid said that he was shocked and his reaction was to reach for his gun. *Id.* at 163.

Officer Davis, who worked the crime scene with her unit, testified that they recovered three fired cartridge casings but never recovered McDonald's

cell phone or any weapons. N.T., 1/24/17, at 95-105. Dr. Sorokin, the medical examiner, testified that McDonald had sustained four gunshot wounds. N.T., 1/25/17, at 11-20. Dr. Sorokin stated that the first gunshot penetrated McDonald's right shoulder, and hit the right lung and pulmonary artery, causing McDonald to bleed to death in a matter of minutes.[2] *Id.* at 11-12, 17, 21. Dr. Sorokin testified that the second gunshot wound penetrated McDonald's back on the right side, causing internal bleeding, which would be consistent with McDonald turning away. *Id.* at 14-15, 18. Dr. Sorokin stated that the third gunshot wound perforated the back of McDonald's arm, and that the fourth gunshot wound penetrated the right thigh. *Id.* at 19. Dr. Sorokin testified that the first gunshot wound would have been immediately incapacitating, so that McDonald lost bodily functions and died relatively quickly. *Id.* at 21.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, there is sufficient evidence to establish that Reid acted with malice in shooting and killing McDonald. *See Commonwealth v. Houser*, 18 A.3d 1128, 1135 (Pa. 2011) (concluding that appellant acted with malice where he fired multiple shots at a police officer). Further, the evidence established that Reid was not acting in self-defense, because he failed to

---

[2] A perforating gunshot wound enters and exits the body, whereas a penetrating gunshot wound enters and remains lodged in the body. *See* N.T., 1/25/17, at 11.

retreat when he could have done so without danger of bodily injury. **See Commonwealth v. McClendon**, 874 A.2d 1223, 1233 (Pa. Super. 2005) (concluding that defendant did not act in self-defense when he had the duty to retreat and could have done so safely but did not).

In his Statement of Questions, Reid also challenges the sufficiency of the evidence to prove the weapons convictions. Brief for Appellant at 3. However, because the Argument section of his brief fails to set forth any argument related to this claim, it is waived on appeal. **See** Pa.R.A.P. 2119(a) (stating that the argument section shall be divided into as many parts as there are questions to be argued).[3]

Reid next argues that the verdict was against the weight of evidence, and thus he should be granted a new trial. Brief for Appellant at 11. Reid asserts that the evidence demonstrates that McDonald attempted to kill him on multiple occasions, and that McDonald intended to do so again. **Id.** Reid argues that because he believed McDonald was going to kill him at that point, he acted in self-defense. **Id.** Reid contends that the weight of evidence fails to establish, beyond a reasonable doubt, that Reid did not act in self-defense. **Id.**

_____

[3] Even if Reid had preserved the firearm sufficiency claim, we would conclude that it is without merit based on the sound reasoning of the trial court. **See** Trial Court Opinion, 6/28/17, at 10-11; **see also** N.T., 1/25/17, at 151, 155, 156 (wherein Reid stated that he purchased an illegal semi-automatic gun without a license to have one, and that on the day of the shooting he kept that gun with him, with no safety on, locked, loaded, and ready to shoot).

- 7 -

Initially, "[f]ailure to challenge the weight of the evidence presented at trial in an oral or written motion prior to sentencing or in a post-sentence motion will result in waiver of the claim." *Commonwealth v. Bryant*, 57 A.3d 191, 196 (Pa. Super. 2012); *see also* Pa.R.Crim.P. 607. Here, Reid failed to properly preserve his weight of the evidence challenge. *See Bryant*, 57 A.3d at 176.[4] Thus, it is waived.[5]

In his third claim, Reid argues that he is entitled to a new trial because the trial court declined to instruct the jury on voluntary manslaughter due to passion and provocation. Brief for Appellant at 11-12. Reid asserts that McDonald had shot at him previously, and this provoked him into shooting McDonald. *Id.* at 12, 13.

"A trial court's denial of a request for a jury instruction is disturbed on appeal only if there was an abuse of discretion or an error of law." *Commonwealth v. Johnson*, 107 A.3d 52, 89 (Pa. 2014) (internal citation

---

[4] The fact that Reid raises a weight claim in his Rule 1925(b) Concise Statement does not preserve the claim on appeal. *See Commonwealth v. Thompson*, 93 A.3d 478, 490-91 (Pa. Super. 2014) (stating that a weight of evidence claim must be preserved either in a written or oral pre-sentence motion, or in a post-sentence motion).

[5] Even if the issue was preserved for our consideration, it is without merit based on the sound reasoning advanced by the trial court. *See* Trial Court Opinion, 6/28/17, at 11-13; *see also Commonwealth v. Blakeney*, 946 A.2d 645, 652 (Pa. 2008) (stating that "[a] verdict is against the weight of evidence only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice.") (citation and quotation marks omitted).

omitted).  "[A] trial court shall only instruct on an offense where the offense has been made an issue in the case and where the trial evidence reasonably would support such a verdict." ***Commonwealth v. Browdie***, 671 A.2d 668, 674 (Pa. 1994).

The Crimes Code defines voluntary manslaughter, in relevant part, as follows:

> **(a)  General rule.** - A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:
>
> > (1) the individual killed; or
> >
> > (2) another whom the actor endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

18 Pa.C.S.A. § 2503(a); ***see also Browdie***, 671 A.2d at 671.

> In order to successfully argue heat of passion, a defendant must prove (1) provocation on the part of the victim, (2) that a reasonable man who was confronted with the provoking events would become impassioned to the extent that his mind was incapable of cool reflection, and (3) that the defendant did not have sufficient cooling off time between the provocation and the killing.

***Commonwealth v. Mason***, 130 A.3d 601, 628 (Pa. 2015) (citation and quotation marks omitted).

Here, Reid testified that the first attempted shooting by McDonald was on October 16, 2015.  N.T., 1/25/17, at 94-95.  Reid said that the next day, McDonald sent him a threatening text message and, a week and a half later, shot at Reid again.  *Id.* at 102-03, 127.  Further, Reid claimed that he did not

have any direct contact with McDonald leading up to the incident in question, and that any communication was through a mutual acquaintance who was attempting to resolve the dispute. *Id.* at 100-01. Reid testified that he bought the gun after McDonald shot at him, and that he kept it on his person, without a safety, locked, loaded, and ready to fire. *Id.* at 152-156. Reid testified that he did not know McDonald would be in the store. *Id.* at 109. Reid admitted that when he walked in the store and saw McDonald, he did not see McDonald with a firearm. *Id.* at 160. Reid stated that his reaction was to start shooting. *Id.* at 163.

The evidence, viewed in a light most favorable to the Commonwealth, clearly shows that Reid had sufficient time between provocation and the shooting to cool off. The evidence further shows that Reid was not immediately provoked. Therefore, jury instruction on heat of passion provocation for a charge of voluntary manslaughter is inapplicable. *See Commonwealth v. Kim*, 888 A.2d 847, 853 (Pa. Super. 2005) (stating that a voluntary manslaughter instruction due to passion and provocation was not warranted where appellant had an adequate cooling off period prior to exiting the building, retrieving a gun from his vehicle, and returning and shooting the manager).

Based on the foregoing reasons, we affirm Reid's judgment of sentence.

Judgment of sentence affirmed. Application For Correction of Original Record granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/21/18</u>